**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

UNITED STATES OF AMERICA,
STATE OF FLORIDA, DERRICK
GRAHAM and JESSE
FRAUENHOFER,

        Plaintiffs,

v.                                         Case No:   6:18-cv-1444-RBD-LHP

FLORIDA CARIOLOGY, P.A.,
COMPREHENSIVE
CARDIOVASCULAR SERVICES LLC,
INTELLISIGHT, LLC, THE
CARDIOVASCULAR INSTITUTE,
LLC, FLORIDA CATH LAB, LLC,
SANDEEP BAJAJA, ABBAS ALI,
KARAN REDDY, CLAUDIO
MANUBENS, MILAN KOTHARI,
SAROJ TAMPIRA, ROBERTO
TORRES-AGUIAR, SAYED
HUSSAIN, RAVIPRASAD SUBRAYA,
HARISH PATIL, EDWIN MARTINEZ
and NEERAJ BAJAJ,

        Defendants

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** RELATORS' AMENDED MOTION FOR DETERMINATION OF ENTITLEMENT TO ATTORNEY'S FEES AND COSTS (Doc. No. 55)
>
> **FILED:** April 12, 2023
>
> ___
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.   BACKGROUND.**

On September 4, 2018, Jesse Frauenhofer and Derrick Graham ("Relators") instituted this action, under seal, against the above-named Defendants, alleging violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729(a), and the Florida False Claims Act, Fla. Stat. § 68.081.  Doc. No. 1.  The United States and the State of Florida both elected to intervene, the Relators' complaint was unsealed, and the United States and the State of Florida filed a complaint in intervention.  *See* Doc. Nos. 32, 33, 36.

On August 25, 2022, the United States and the State of Florida notified the Court that they had reached an agreement in principle to settle Relators' claims against Defendants.  Doc. No. 40.  The settling parties[1] thereafter filed a Joint Motion to Enter Stipulated Order of Dismissal, and included with it a copy of the settlement agreement.  Doc. Nos. 51, 51-1.  As relevant to resolution of the above-

---

[1] The settling Defendants include Defendants Florida Cardiology, P.A.; Sandeep Bajaj; Abbas Ali; Karan Reddy; Claudio Manubens; Milan Kothari; Saroj Tampira; Sayed Hussain; Raviprasad Subraya; Harish Patil; and Edwin Martinez.  Doc. No. 51-1.

styled motion, under the terms of the parties' settlement agreement, the Relators will receive a share of the settlement proceeds, and the settling parties agreed as follows:

> Defendants agree that Relators and their attorneys are entitled to reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorney's fees and costs under 31 U.S.C. § 3730(d); provided, however, Defendants expressly reserve the right to challenge the amounts, the expenses' necessity, and reasonableness of Relators' claims for attorneys' fees, expenses, and costs.  Relators maintain they are entitled to an award of reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs, under 31 U.S.C. § 3730(d)(1), and/or section 68.085, Fla. Stat. Relators and Defendants agree that the United States District Court shall have continuing jurisdiction to issue orders regarding any disputes over the amounts for expenses, attorneys' fees and costs.

Doc. No. 51-1, at 5 ¶ 3.

The Court granted the Joint Motion to Enter Stipulated Order of Dismissal and entered an Order of Dismissal, by which the Court dismissed with prejudice the Relators' claims against all Defendants, with the exception of Relators' claims for attorneys' fees and costs under 31 U.S.C. § 3730(d)(1) and Fla. Stat. § 68.085. Doc. No. 52, at 2.  The Court further dismissed the United States and the State of Florida's claims against the settling Defendants, in part with prejudice and in part without.  *Id.*  The claims against the remaining Defendants were dismissed without prejudice.  *Id.*

On April 12, 2023, Relators filed an Amended Motion for Determination of Entitlement to Attorney's Fees and Costs, in which they seek entitlement to fees and costs under 31 U.S.C. § 3730(d)(1) and Fla. Stat. § 68.085.  Doc. No. 55.[2]  Relators estimate that they will seek approximately $242,000.00 in fees and costs.  *Id.* at 10.  In response, the settling Defendants state that they do not oppose Relators' entitlement to fees and costs pursuant to Local Rule 7.01(b), but that they reserve their right to object to a supplemental motion for quantification under Local Rule 7.01(c)–(d).  Doc. No. 63.[3]

The motion (Doc. No. 55) has been referred to the undersigned, and it is ripe for review.  Upon consideration, and given the lack of opposition, the undersigned will respectfully recommend that the motion be granted.

## II.   ANALYSIS.

Pursuant to 31 U.S.C. § 3730(d), if the United States intervenes in a case raising claims under the FCA, a relator receiving a portion of any settlement proceeds is also entitled to "an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs,"

---

[2] Relators filed an initial fee motion on December 14, 2022, before the settlement agreement was finalized, which Relators ultimately withdrew to file the present motion. *See* Doc. Nos. 48, 53–54.

[3] Neither the United States nor the State of Florida filed a timely response to the motion.  *See* Local Rule 3.01(c).

with all such expenses, fees, and costs to be awarded against the defendant. 31 U.S.C. § 3730(d)(1). Likewise, the Florida False Claims Act provides that if the State of Florida proceeds with a claim brought thereunder, the relator receiving a portion of any settlement proceeds is also entitled to "an amount for reasonable expenses that the court finds to have been necessarily incurred, plus reasonable attorney fees and costs," to be awarded against the defendant. Fla. Stat. § 68.085(1)(a), (c).

Given that the FCA, the Florida False Claims Act, and the parties' settlement agreement all provide for an award of fees and costs to Relators, and the settling Defendants do not dispute Relators' entitlement thereto, I will respectfully recommend that the Court find Relators entitled to an award of reasonable attorneys' fees and costs under 31 U.S.C. § 3730(d)(1) and Fla. Stat. § 68.085(1). *See, e.g.*, *United States ex rel. Simon v. Healthsouth Corp.*, No. 8:12-cv-236-T-33AEP, 2020 WL 7480659, at *2 (M.D. Fla. Mar. 31, 2020) (finding the relator entitled to fees and costs under § 3730(d) where the defendant did not dispute entitlement). *See also United States ex rel. Chiba v. Guntersville Breathables, Inc.*, 421 F. Supp. 3d 1241, 1250 (N.D. Ala. 2019) ("[31 U.S.C.] § 3730(d)(1) declares that attorneys' fees are mandatory: relators 'shall . . . receive' such fees if they obtain a share of the proceeds recovered by the government.").

## IV. RECOMMENDATION.

For the reasons discussed herein, it is respectfully **RECOMMENDED** that the Court **GRANT** Relators' Amended Motion for Determination of Entitlement to Attorney's Fees and Costs (Doc. No. 55), **FIND** Relators entitled to an award of attorneys' fees and costs under 31 U.S.C. § 3730(d)(1) and Fla. Stat. § 68.085(1), and **ORDER** the parties to comply with the procedures set forth in Local Rule 7.01(c) and (d) for a determination of the amount.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 9, 2023.

_Leslie Hoffman Price_
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy